## Case No. 18,091.
### WRIGHT v. SCHROEDER.
[2 Curt. 548.] 2

Circuit Court, D. Rhode Island. Nov. Term, 1855.

ACTION FOR SLANDER—EVIDENCE OF PLAINTIFF'S CHARACTER.

1. In an action of slander, the plaintiff cannot offer evidence of his general good character, to disprove the truth of the words, nor to support his own character, until it is attacked by the defendant. The defendant may attack the general character of the plaintiff in respect to the subject-matter of the charge, in order to reduce the damages.

[Cited in Press Pub. Co. v. McDonald, 11 C. C. A. 160, 63 Fed. 243.]

[Cited in Clark v. Brown, 116 Mass. 509.]

2. Where the nature of the charge is such, that the evidence given by the defendant, in support of the plea of justification, though insufficient to prove that, has, if believed in part or in whole, a legitimate tendency to affect the general character of the plaintiff, on the subject of the charge, he may reply by evidence of general good character in that particular.

This was an action on the case for slanderous words spoken of the plaintiff [John Wright] in his trade as a master calico-printer and manager of print works. It was alleged in the declaration, that the plaintiff, being a master calico-printer and manager of print works, and having ever sustained a good reputation in that trade; and never having been guilty or suspected to be guilty of the vice of drunkenness, and having earned and received large compensation in his said trade, was employed by the defendant [Theodore Schroeder] as the manager of his print works; and while so employed, the defendant, speaking of him in reference to his said employment, said, "he has been drunk on the works often, and he was drunk on the day of the reference"—innuendo, that the plaintiff had been often drunk while engaged in his occupation of manager of the defendant's print works, and particularly on the day when a certain arbitration was had, &c. The defendant justified, by a plea of the truth of the words alleged.

At the trial, the defendant gave evidence tending to show, that the plaintiff had been intoxicated on many different days, while at the print works; and he offered evidence to prove, that he kept and drank ardent spirits at his lodgings and elsewhere, and also of the effects produced on him by so doing at his boarding-house and other places off the works. This last species of evidence was admitted by the court as tending to prove the charge, circumstantially.

In reply, the plaintiff offered evidence of his good general reputation for temperate habits, prior to and at the time when the words complained of were spoken. This was objected to by the defendant, but admitted by the district judge, who presided at the trial, not as bearing on the question of the truth of the words, but as having some legitimate tendency to affect the damages. The jury having found for the plaintiff, the defendant moved for a new trial, assigning as cause, the admission of this evidence of general reputation.

Jenckes & Cozzens, for the motion.
Hazard & Blake, contra.

Before CURTIS, Circuit Justice, and PITMAN, District Judge.

CURTIS, Circuit Justice. Many apparently conflicting decisions have been made, con-

---

1 [Reported by Hon. John McLean, Circuit Justice.]

2 [Reported by Hon. B. R. Curtis, Circuit Justice.]

cerning the admissibility of evidence of general reputation in actions like this. Generally, they can be reconciled with each other and with what I conceive to be the true rules on the subject, by attending to the party by whom, and the purpose for which, the evidence was offered. Though, undoubtedly, some conflict will still remain.

1. In my opinion, this species of evidence is not admissible, when offered by the plaintiff in answer to evidence of the defendant tending to prove the truth of the words. It has not a legitimate tendency to disprove the truth of the charge made by the defendant. Matthews v. Huntley, 9 N. H. 146, and the cases there cited.

2. The defendant may offer such evidence to reduce the damages; because the degree of injury sustained by the plaintiff, depends upon the reputation, in respect to the matter of the charge, which he possessed, at the time the words complained of were spoken. If that was generally bad, he was not injured by the slander to the same extent as he would have been if it had been good. It is proper therefore for the jury, to take into consideration the general reputation of the plaintiff, upon the point of the charge; and if so, it is proper for them to be informed concerning that general reputation by evidence. In Stone v. Varney, 7 Metc. (Mass.) 86, many of the cases are reviewed, and a result, satisfactory to my mind, arrived at. The American cases are collected in 1 Hare & W. Lead. Cas. 198.

3. At first view, it might seem to follow, that this would warrant the introduction by the plaintiff of evidence of his previous good character in chief, before any attack on his character; and so are some of the authorities. See 1 Hare & W. Lead. Cas. 207; 2 Greenl. Ev. §§ 275, 424. But I think the better rule is, that the plaintiff must rest on the presumption of good character, which the law makes, until evidence touching it is offered by the defendant. See the cases collected in 1 Hare & W. Lead. Cas. 208, and cited by Dewey, J., in 7 Metc. (Mass.) 86.

4. The remaining inquiry, upon which the decision of this motion depends is, whether the general good character of the plaintiff for temperance had been so attacked by the defendant, that he was properly allowed to support it, by evidence that before and at the time of the speaking of the words complained of, his general reputation for temperance was good. The charge was, that the plaintiff had been drunk on the works often, and that he was drunk on the day of the reference. In support of this charge, the defendant had been allowed to offer evidence, tending to prove the intoxication of the plaintiff on many days at the print works, and while engaged in his trade as their manager; that is, while on the works. And also, that before coming to and after leaving the works, on many different days, he was intoxicated. And also, that he kept at his boarding-house ardent spirits of different kinds. And the instances spoken of by the witnesses, occurred during a period of about four months, before the words were spoken.

Now, it is apparent, the jury might come to the conclusion, that though the defendant had failed to prove that the plaintiff had been often intoxicated on the works, and so some damages must be found for the plaintiff, yet enough had been proved to satisfy them that the plaintiff's reputation, as a manager of print works, could not be good, and so, that the degree of injury inflicted on the plaintiff being small, he should be compensated by small damages. Upon this state of the evidence, I think counsel would have been warranted in so arguing to the jury.

This was a peculiar case. Ordinarily, if the evidence given in support of the plea of justification fails to prove that, it fails to prove any thing material. But here it was otherwise. And my opinion is, that though no direct evidence of general bad character be offered by the defendant, if the proof he does offer may be insufficient, in the opinion of the jury, to sustain the charge, and still have a legitimate tendency to prove the general character of the plaintiff bad in the particular in question, and so to reduce the damages, the plaintiff may encounter it by proof of good general character in that particular. It may sometimes be difficult to draw the line of distinction, and say on which side of it, a particular case falls; but the same difficulty may exist in any case, where the judge is required to determine, whether there is any evidence having a legitimate tendency to prove a matter in issue. Yet this is always a question of law. Greenleaf v. Birth, 9 Pet. [34 U. S.] 292; Bank of U. S. v. Corcoran, 2 Pet. [27 U. S.] 121.

Where evidence has been given, either on cross-examination or otherwise, which tends to impeach the general character of a witness for truth, it is allowable to support his credibility by evidence of general good character, though no witness has been called to speak to his general bad character. 1 Greenl. Ev. § 469; 3 Starkie, Ev. 1757; 4 Phil. Ev. 763 (Cow. & Hill's note). A proper qualification is made in Russell v. Coffin, 8 Pick. 154, that the evidence, on the cross-examination, must not only tend to affect the credibility of the witness in the particular case, but must touch his general character. And so in actions of slander, the evidence given by the defendant must have a legitimate tendency to affect the general character of the plaintiff, in reference to the subject-matter of the charge for which damages are demanded.

The district judge, who presided at the trial, concurs in this opinion. The motion for a new trial is overruled.